F. H. Campbell Co.
    vs.      } Eq. No. 9533.
Albert J. Leary

July 8, 1929.

HAHN, J. Heard on prayer for a preliminary injunction restraining respondent from "further soliciting the sale of, selling, distributing or offering to sell in the State of Rhode Island and elsewhere in the territory of the United States, either personally or through agents" advertising service

of a similar nature to that sold by complainant.

At the hearing it appeared that complainant and respondent entered into the agreement which is marked Complainant's Exhibit 1, in which it is stated that complainant is the owner of bank services and merchant, restaurant and florist services sold to the trade as advertising matter, said service consisting of a frame in which is placed a card calling the attention of the public to the particular service rendered by the advertiser. It also appeared at the hearing that, after leaving the employ of complainant, respondent sold and offered for sale frames and service similar to that of complainant.

The defence to the prayer for a preliminary injunction is based upon the fact that the restrictive portion of the agreement entered into between complainant and respondent reads as follows:

"First. The party of the second part (respondent) agrees to sell the said services in the *United States* under the general direction and authority of said party of the first part (complainant) and agrees to return to said party of the first part all sample services, literature or other property belonging to said party of the first part, when requested so to do."

Afterwards, in the third paragraph of said agreement, appears the following: "Said party of the second part covenants and agrees that for a period of two years from the date of the complete severance of business relations with the party of the first part, said party of the second part will not sell, promote, engage in the management of, or profit directly or indirectly from publicity or advertising services of any similar nature or form whatsoever to any bank, financial institution, stores, restaurants, florists, or individuals."

It appeared at the hearing that after respondent left the employ of the complainant some time in February or March, 1929, he offered and sold similar sets of advertising service in Rhode Island, and from a letter marked Complainant's Exhibit 2, he apparently intends to carry on the business to a wider extent.

The defence to the prayer for a preliminary injunction is that the restriction contained in the agreement is too wide and, therefore, under the doctrine of *Herreshoff* vs. *Boutineau*, 17 R. I. 4, the fact that the restriction applies to the entire United States renders it absolutely void and of no effect.

The case at bar is very easily distinguishable from *Herreshoff* vs. *Boutineau, supra*. The agreement is not limited in duration and respondent is authorized to sell the advertising service in the United States or any part thereof. The territory referred to in the contract is unlimited and therefore, so long as the respondent had the right to sell throughout the United States and complainant had dealt in many of the states, and the device is one which may be used by the specified parties, such as banks, &c., in any part of the United States, the restriction seems to be reasonable as to territory and the two years is reasonable as to time.

Under the contract referred to, the restrictions are reasonable and should be sustained.

Prayer for a preliminary injunction is granted.

A decree may be presented July 16, 1929.

For complainant: Albert J. Stowell.

For respondent: Walter J. Hennessey.